UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                            :
SERGIO ARCE,                                :
                            Plaintiff,      :          **MEMORANDUM DECISION**
                                            :          **AND ORDER**
                -against-                   :
                                            :          CV-06-5573 (BMC)
COMMISSIONER OF CORRECTIONAL                :
SERVICES,                                   :
                            Defendant.      :
                                            :
                                            :
                                            :
-----------------------------------------------------------X

**COGAN, District Judge.**

Petitioner, Sergio Arce, was convicted of Murder in the Second Degree under N.Y. Penal

L. § 125.25[1]. This case is before the Court on his petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. The petition raises only one issue: petitioner contends that the existence of

newly discovered evidence that could not have been obtained during the original trial establishes

that the petitioner is not guilty. Because this ground fails to raise a federal claim on which this

Court might grant habeas corpus relief, the petition is denied.

<u>**BACKGROUND**</u>

In 1992, petitioner was tried for murder in the Supreme Court of the State of New York,

Kings County. The murder charge stemmed from a drug-related argument after which petitioner

and another man, Kermit Rivera, shot the victim, Edwin Diaz, in the arm and chest, puncturing

Diaz' lung. At trial, the sole eyewitness to the crime, Craig Daniels, identified petitioner and co-

defendant Rivera as the persons responsible for Diaz' murder. The jury found petitioner and

1

Rivera guilty of murder in the second degree and each was sentenced to seventeen years to life imprisonment.

Thirteen years after their conviction, defendants filed a motion to vacate the judgment pursuant to Criminal Procedure Law §440.10 ("§440 motion"), on the grounds that they obtained newly discovered evidence. Specifically, petitioner offered affidavits from Evangelina Rodriguez and Flora Core, the grandmother and mother of co-defendant Rivera's child, respectively, in which the women offered alibis explaining the defendants' whereabouts at the time of Diaz' murder. More notably, Craig Daniels submitted an affidavit recanting his trial testimony that identified defendants as the murderers, and instead identified a separate individual, Alex Core, as the real shooter. Alex Core had been dead for four years at the time the affidavits were submitted.

After an evidentiary hearing, the §440 Court found the testimony of defendants' primary witnesses, Rodriguez and Daniels, "unpersuasive," and denied their motion, and the Appellate Division denied leave to appeal. This petition followed.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, a District Court may review petitions for habeas corpus filed by a prisoner in state custody, so long as petitioner has fully exhausted state judicial remedies prior to filing. Here, petitioner did not raise any federal claim in his §440 motion, and thus has failed to exhaust his state judicial remedies. Additionally, as presented in the instant petition, the ground raised by petitioner is not cognizable as a federal claim. Therefore, this petition must be denied.

2

1. Exhaustion and Procedural Bar

Petitioner has not exhausted state judicial remedies prior to filing this habeas corpus

petition, as he did not raise a federal claim in his §440 motion. The Second Circuit has identified

four ways in which a state defendant may fairly present the constitutional nature of his claim to

the state courts "even without citing chapter and verse of the Constitution": (1) relying on

pertinent federal cases employing constitutional analysis; (2) relying on state cases employing

constitutional analysis in like fact situations; (3) asserting the claim "in terms so particular as to

call to mind a specific right protected by the Constitution;" and (4) alleging a "pattern of facts

that is well within the mainstream of constitutional litigation." Disimone v. Phillips, 461 F.3d

181, 190 (2d Cir. 2006) (quoting Daye v. Attorney General of the State of New York, 696 F.2d

186, 194 (2d Cir. 1982)). Where any of those criteria are met, the federal habeas court should

assume the state court was "alerted to consider, and [did] consider, the constitutional claim."

Daye, 696 F.2d at 194.

Petitioner does not fall under any of those categories, and therefore failed to raise a

federal claim in state court. Petitioner's §440 motion did not cite a single "pertinent federal

case[]," nor rely on any state cases that "employed constitutional analysis in like fact situations."

The closest he came to mentioning a federal or constitutional ground upon which he sought relief

was to make a passing reference in his affidavit to deprivation of a fair trial:

> None of this crucial evidence was produced at my trial. The fact that Mr. Daniels
> has now come forward and admitted that he lied at my trial along with the new
> information regarding who actually perpetrated the murder of Edwin Diaz, in the
> judgment of my attorney and myself, deprived me of a fair trial and resulted in my
> conviction.

3

However, this single reference to a "fair trial" is insufficient to constitute "terms so particular as to call to mind a specific right protected by the Constitution." See Kirksey v. Jones, 673 F.2d 58, 60 (1982 ) (rejecting appellant's contention that references in his state court brief to denial of a "fair trial" sufficiently alerted the Appellate Division" to due process violations). Finally, the "pattern of facts" in this case does not fall "within the mainstream of constitutional litigation" such that a constitutional violation could be considered "self-evident" and the §440 Court charged with notice of a federal claim. See Anderson v. Harless, 459 U.S. 4, 7, 103 S. Ct. 276, 278 (1982).

Petitioner's sole claim of newly discovered evidence on the basis of a witness' recanted testimony is not an argument that is "commonly thought to involve constitutional constraints." Daye, 696 F.2d at 194. Nor is it likely that petitioner's argument would have "alert[ed] the court to the claim's federal nature" by presenting the "substance" of a federal claim. Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513 (1971) (finding petitioner failed to present to the court the substance of a constitutional discrimination claim upon simply claiming the indictment to be invalid); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (quoting Daye, 696 F.2d at 192). Petitioner's §440 motion stated only that Daniels' recantation and identification of Core as Diaz' real shooter warrants reversal of his conviction. He did not point to any facts suggesting that the prosecutor offered perjured testimony or "should have known that key witness lied on the stand," United States v. Wallach, 935 F.2d 445, 456-57 (2d Cir. 1991), nor offer any other facts that might cast constitutional doubt on his trial. By contrast, courts have found that petitioners' claims based on the prosecution's use of perjured testimony are self-evident where the petitioner at least alleges knowledge by the prosecutor of the falsity of the witness' testimony, or points to some conduct by the prosecution that influenced the witness. See, e.g., Pyle v. Kansas, 317 U.S.

4

213, 214, 216, 63 S. Ct. 177, 178 (1942) (petitioner's papers, though "inexpertly drawn," identified several witnesses who were "coerced and threatened by the State" or whose testimony was allegedly suppressed that he sufficiently raised a claim based on the prosecutor's knowing use of perjured testimony); Blankenship v. Estelle, 545 F.2d 510, 514 (5th Cir. 1977) (where at least "kernel of petitioner's complaint is that he was convicted on perjured testimony, knowingly used by the prosecution; or, at the least, that he was deprived by the State of impeachment evidence helpful and material to his defense," court was on notice of Giglio claim based on prosecution's failure to turn over exculpatory evidence).

Here, however, the court was presented with a single witness who "has now come forward and admitted that he lied at [petitioner's] trial along with the new information regarding who actually perpetrated the murder," and petitioner's argument that as a result of this newly discovered evidence, he is entitled to a new trial. It would work an unreasonable expansion of Daye to hold that merely identifying recanted testimony by a trial witness automatically raises a due process claim based on the prosecution's use of perjured testimony. Indeed, the Second Circuit has held that "the presentation of a witness who recants or contradicts his prior testimony is *not* to be confused with . . . perjury." United States v. Bortnovsky, 879 F.2d 30, 33 (2d Cir. 1989) (emphasis added) (internal citation omitted). Recanting testimony is deemed "unreliable" and "generally looked upon with the utmost suspicion," Ortega v. Duncan, 333 F.3d 102 (2d Cir. 2003) (citations omitted); People v. Shilitano, 218 N.Y. 161, 112 N.E. 733 (1916), and therefore simply identifying recanted testimony is not "commonly thought to involve constitutional constraints," and does not alert a state court to the "factual and the legal premises" of a federal due process claim. Daye, 696 F.2d at 191. As a result, petitioner has failed to exhaust any constitutional claim in state court.

5

A federal claim is now procedurally barred as well, as state law prevents petitioner from making another §§440 motion based on the same newly-discovered evidence claim. NY CPL §440.10(3)(c) (the court may deny a §440 motion if, "[u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so"); see People v. Graves, 801 N.Y.S.2d 239 & n.15 (Sup. Ct. 2005) (claim in second §440 motion procedurally barred pursuant to CPL §440.10(3)(c) because "defendant has already availed herself of CPL §440.10 to vacate the judgment and failed to raise this issue").

2. Failure to Raise a Federal Claim

Not only did petitioner fail to raise, and thereby exhaust, a federal claim in state court, he further failed to raise a federal constitutional claim in the instant habeas corpus petition. The sole argument raised in the petition reads as follows: "GROUND ONE: Newly discovered evidence that could not have been obtained during the original trial establishes that the petitioner is not guilty." (Petition 6). Petitioner refers to an addendum annexed to the petition, but that, too, fails to assert any constitutional error. It is worth noting that Item 12 of the Petition, where petitioner stated this sole ground, asks the petitioner to explicitly "state every ground on which you claim that you are being held *in violation of the Constitution, laws, or treaties of the United States.*" Id. (emphasis added). Petitioner and his counsel in this case were thus on notice that a claim of federal or constitutional error was required in order to have review in this Court.

I recognize that "it is not necessary to invoke 'the talismanic phrase due process of law' or cite 'book and verse on the federal constitution.'" Duncan v. Henry, 513 U.S. 364 (1995) (citations omitted). However, "it is not clear that [petitioner]'s purported 'newly discovered evidence' even presents a federal constitutional argument. [Petitioner] simply argues that this

6

newly discovered evidence casts doubt on the accuracy of the jury's verdict. He does not articulate how such an argument raises a federal claim." Williams v. Phillips, 04 Civ. 4653, 2005 U.S. Dist. LEXIS 15491, at *33 (S.D.N.Y. Aug. 2, 2005). Petitioner's submission to this Court does not contain even a vague reference to denial of a "fair trial" or due process. This is insufficient to state a federal claim, id., and this Court will not read in to the petition a federal ground for relief that petitioner has never raised.

Federal law is clear that claims of actual innocence based on newly discovered evidence "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings." Herrera v. Collins, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993). The mere existence of evidence relevant to the guilt or innocence of a state prisoner is outside of this court's purview, id. at 397-98 (citing Townsend v. Sain, 372 U.S. 293, 317, 83 S. Ct. 745, 759 (1963)), because it is not the job of the federal habeas court to correct errors of fact or to offer a forum to relitigate state trials. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383, 3392 (1983). Courts in this Circuit have repeatedly held that claims of innocence without reliance on constitutional infirmities in the trial do not present a ground for federal habeas corpus relief. See Greene v. Walker, 205 F.3d 1322 (2d Cir. 1999) (citing Herrera, 506 U.S. at 400) (finding a stand alone actual innocence claim "fails to demonstrate a constitutional defect that would undermine the underlying conviction," thereby failing to provide a basis for habeas relief); see also Pino v. Sears, 03-CV-02945, 2006 U.S. Dist. LEXIS 92755 (E.D.N.Y. Dec. 20, 2006) (citing Herrera to show that "freestanding claims of actual innocence are not cognizable on federal habeas review"); Ortiz v. Woods, 463 F. Supp. 2d 380 (W.D.N.Y. 2006) (noting the Supreme Court's declaration in Herrera that absent an independent constitutional violation at trial, a claim of newly discovered evidence does not

7

provide a basis for habeas relief); <u>Serrano v. Walsh</u>, 04 Civ. 8614, 2005 U.S. Dist. LEXIS 31745, at *32 (S.D.N.Y. Dec. 9, 2005) (same); <u>Smithwick v. Walker</u>, 758 F. Supp. 178, 184 (S.D.N.Y. 1991) ("newly discovered evidence that victim was killed by another individual is not reviewable because it clearly goes to the guilt or innocence and thus does not form the basis for habeas corpus relief").

Here, petitioner grounds his habeas petition solely on a stand-alone actual innocence claim, and it therefore fails to state a ground for federal habeas relief.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is denied. Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

S/ B.M.C.

_____, D.J.

Dated: Brooklyn, New York
July 1 , 2007

8